KELLER ET AL. v. BARE ET AL.

1. **Township Clerk**: CUSTODIAN OF ROAD FUNDS: ACTION ON SUPER-
   VISOR'S BOND. The township clerk, and not the trustees, is the legal
   custodian of the funds of a road district, so far as road supervisors are
   required to account therefor; and the trustees cannot maintain an action
   upon the bond of a road supervisor on account of his failure to account
   for such funds.

2. **Practice**: DEMURRER WHILE ANSWER ON FILE. Where an amended
   petition was filed, whereby the cause of action was radically changed,
   there was no error in allowing a demurrer thereto without a withdrawal
   of the answer to the original petition.

3. **Costs**: UPON ALLOWING AMENDMENT: NO PREJUDICE. The taxing
   of accrued costs to plaintiff upon allowing an amendment to his peti-
   tion could not have prejudiced him, where he failed upon the trial, and
   thus became liable for all the costs.

*Appeal from Cedar District Court.*

WEDNESDAY, DECEMBER 12.

THIS is an action brought by the plaintiffs, who are trustees
of Greenfield township, Jones county, to recover upon an
official bond of the defendant, Bare, given by him as road
supervisor of a road district in said township. It is alleged
that there has been a breach of the bond, because said Bare
has failed to account for and pay over certain public money
which came into his hands as such officer.

The defendants filed an answer to the petition. After-
wards the petition was amended. The defendants demurred
to the amendment to the petition, and to the cause of action
as set forth in said amendment and original petition. The
demurrer was sustained, and the plaintiffs elected to stand
on their petition, and judgment was rendered against them
for costs. Plaintiffs appeal.

*J. W. Jamison*, for appellants.

*Remley & Ercanbrack*, for appellees.

ROTHROCK, J.—The main question in the case, and, indeed,

that which we think is decisive of it, is—were the township trustees the proper parties to institute and maintain an action upon the bond ? The bond runs to the county of Jones, and it is conditioned that said "Bare will render a true account of his office, and of his doings therein, to the proper authority, when required thereby or by law; that he will properly pay over to the person or officer entitled thereto all money which may come into his hands by virtue of his office; that he will promptly account for all balances of money remaining in his hands at the termination of his office."

Under the provisions of chapter 2, title 7, of the Code, the township trustees have no authority to collect road taxes or to receive the same when collected. The township clerk is made the custodian of the road funds so far as the road supervisors are required to account therefor. If the supervisor fails or neglects to pay over taxes to the clerk, it would seem that, as the clerk is the officer designated by law to receive and hold the funds, he is the proper party to maintain an action upon the bond of a supervisor for failure to pay over or account for money coming into his hands. It is true, the supervisor is required to make settlement with the township trustees. Code, § 996. But the trustees have no authority to receive the taxes, and, indeed, the same section of the statute contemplates that, at the time of such settlement, the funds are in the hands of the township clerk, because, by other provisions of the statute, the supervisors are required to pay over the funds to the clerk.

II. Complaint is made because the defendants were allowed to interpose a demurrer to the petition as amended, without withdrawing the answer to the original petition. In regard to this, we deem it sufficient to say that by the amendment the cause of action was so materially and radically changed that the answer was not at all applicable thereto, and it was wholly immaterial whether it was withdrawn or not.

III. The defendants objected to the amendment, and in-

sisted that it should not be allowed. The court permitted the amendment to be made, but taxed the costs of the term, up to the time the amendment was filed, to the plaintiffs. It is claimed that this was an abuse of the discretion of the court. In view of the fact that the demurrer was subsequently sustained, and the cause dismissed at plaintiff's costs, the taxing of the costs on the amendment becomes an immaterial question.

AFFIRMED.